## ACME HARVESTING MACH. CO. v. BENNETT.

(Circuit Court of Appeals, Eighth Circuit. December 5, 1921.)

No. 5625.

Bankruptcy ⟺414(3)—Evidence of obtaining property on false statements held insufficient to bar discharge.

> Evidence in support of objections to a bankrupt's discharge on the ground that he obtained goods on materially false statements in writing *held* insufficient to bar his discharge under Bankruptcy Act, § 14b (3 [Comp. St. § 9598]), where bankrupt was the only witness, and testified that the statements were written by the creditor's salesman and signed by him without reading, and that the statements made by him as to amounts and values were according to his best information, and that some of his answers were not correctly entered.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of Eugenus H. Bennett, bankrupt. The Acme Harvesting Machine Company appeals from order granting the discharge. Affirmed.

See, also, In re Bennett, 264 Fed. 533.

Lee Montgomery, of Sedalia, Mo. (John Montgomery, Jr., and Roy W. Rucker, both of Sedalia, Mo., on the brief), for appellant.

G. W. Barnett, of Sedalia, Mo., for appellee.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. This appeal is from an order granting a discharge to the appellee. There was a reference to a master of the issues arising upon appellant's objections, which were eventually confined to the ground that the appellee had obtained goods upon materially false statements in writing.

The appellee was the only witness at the hearing. Material discrepancies appear in the statements, as compared with his testimony, deeds, other instruments, and the schedules—two in the first statement as to incumbrances and three in the second as to real estate values, which counsel have pointed out and emphasized. Appellee testified that he verbally informed appellant's agents as to his property and debts for insertion by them in the statements, and that he signed them without reading the contents. The master declined to accept his explanation to the effect that he honestly thought the items furnished

by him were correct and were according to his best information, and that the statements were not prepared as he intended, and from the documents and the admissions of the appellee held the objection to be well taken, and recommended that the discharge be refused.

The District Judge, conceding that appellee's assets were overstated and his liabilities understated, commented on the need in such cases of the testimony of the salesmen in support of the statements written up by them when purchasers do not read or understand them, and do not have the data to be exact, and considered that in this case such testimony was not produced, and its omission was not satisfactorily explained. The finding was that appellant had not met the burden of establishing the falsity of the representations. Accordingly the exceptions to the master's report were sustained, and the discharge was granted. There were later proceedings wherein the discharge was formally ordered, and still later the order was vacated on motion of appellant and then re-entered.

. In substance, appellee attributed the errors in the statements to honest mistakes and incorrect entries by appellant's agents. There was no denial of his testimony, and no showing that the statements were not obtained as he claimed, or that the items were inserted as he gave them. From a consideration of the evidence, including the concessions on his part, we are persuaded that there was a failure in this case, under its circumstances, to establish that appellee intended to misrepresent the facts by means of the statements signed by him, and that they were for that reason false in the sense required by section 14 b (3) of the Bankruptcy Act (Comp. St. § 9598). Only a question of fact is presented, and in our opinion it was rightly determined by the District Judge.

The order appealed from is therefore affirmed.

Judge HOOK participated at the hearing of this case, but died before a conclusion was reached and the opinion was prepared.